# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0520V
Filed: May 22, 2018
UNPUBLISHED

| | |
|---|---|
| THOMAS SMITH,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Isaiah Richard Kalinowski, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*
*Jason Cockburn Bougere, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On April 28, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") caused by his November 24, 2014 influenza ("flu") vaccination. Petition at 1-2. On October 19, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 37).

  On February 27, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 42). Petitioner requests attorneys' fees in the amount of $42,994.20 and attorneys' costs in the amount of $4,194.42. *Id.* at 1-2. In compliance with General

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id.* at 2.  Thus, the total amount requested is $47,188.62.

On March 14, 2018, respondent filed a response to petitioner's motion.  (ECF No. 43).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On March 20, 2018, petitioner filed a reply.  (ECF No. 44).   Petitioner argues that respondent has provided no precise objection.  *Id.* at 2-3.  Petitioner also argues that he has met his burden of establishing reasonable fees and costs.  *Id.* at 3-4.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates with the following exceptions.

With regard to the hourly rate of $313.00 for 2017 requested by attorney Joseph A. Vuckovich, the undersigned finds the proposed rates excessive based on his overall legal experience, the quality of work performed, his experience in the Vaccine Program, and his reputation in the legal community and the community at large.  *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).  The determination of the amount of reasonable attorneys' fees is within the special master's discretion. *See, e.g., Saxton v. Sec'y of Health & Human Services,* 3 F.3d 1517, 1520 (Fed. Cir. 1993).  Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Services*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991).  Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. Sec'y of Health & Human Services*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991), *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam). Mr. Vuckovich falls between the 8-10 year experience range for work performed in 2017. Based on the rates established in *McCulloch*, reasonable rates for attorneys with 8-10 years of experience in the vaccine program fall between $281- $358 for 2017.[3] The undersigned reduces attorney Joseph A. Vuckovich rate to $290 for work performed in 2017, therefore reducing the total fee request by $11.50.

---

[3] The 2017 Fee Schedule can be accessed at http://www.cofc.uscourts.gov/node/2914

It is clearly established that secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.,* No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). Billing invoices included multiple tasks considered administrative overhead. These entries include April 28, 2016 (0.20hrs) "Forward copy of peition to HHS via certified mail"; April 29, 2016 (0.30 hrs) "Prepare 3 CDs containing exhibits16-.0 Ship to court and DOJ." And October 30, 2016 (0.10 hrs) "Receive and review e-mail regarding attorney travel charges". (ECF No. 42-1 at 3, 5). The undersigned reduced the request for fees in the amount of $81.00.

The undersigned has reviewed the request for costs, however the request shall be reduced by $81.46 for the cost billing entry listed as "Priceline Hotels" dated September 20, 2016. No invoice or receipt was submitted regarding this charge and the date listed on the list for costs does not correspond with the travel dates billed in the attorney fee records.[4]

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs in the reduced amounts.

**Accordingly, the undersigned awards the total of $47,014.66[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Isaiah Richard Kalinowski.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[4] Petitioner's counsel billed for travel on September 26, 2016. (ECF No. 42-1 at 5).

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.